UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ASHOK JAIN, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:10-CV-2119 |
| | § | |
| TEXANA BEHAVIORAL HEALTHCARE & | § | |
| DEVELOPMENTAL DISABILITIES | § | |
| SERVICES; dba TEXANA CENTER, | § | |
| | § | |
| Defendant. | § | |

## **OPINION AND ORDER**

Pending before the Court is Plaintiff Ashok Jain's Motion for Reconsideration of Summary Judgment (Doc. 62) and Memorandum in Support (Doc. 62-1). Defendant Texana Center filed a response in opposition (Doc. 63).

Having considered Plaintiff's motion, the facts of this case, and the relevant law, the Court finds that Plaintiff's motion should be denied.

I. Background

On June 4, 2012, this Court issued its Opinion and Order (Doc. 59) granting Defendant's Motion for Summary Judgment (Doc. 41) and dismissing Plaintiff's claims for employment discrimination, retaliation, and constructive discharge under Title VII[1] (Doc. 1). On June 29, 2012, Plaintiff filed his motion for reconsideration, asserting that he "had a written contract with Defendant for a one year term to be paid an annual salary of $165,000 but instead he got paid $160,000. Defendant, Texana owes Plaintiff $5,000," Mot. ¶ 5, "plus court costs," Mot. ¶ 7.

II. Legal Standard

Although the Federal Rules of Civil Procedure do not specifically provide for a "motion

---

[1] Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 (2006).

for reconsideration," a motion denominated as such that challenges a prior judgment on the merits is treated as either a "motion to alter or amend a judgment" under Rule59(e) or a motion "for relief from a final judgment" under Rule 60(b). *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990). "Under which Rule the motion falls turns on the time at which the motion is filed. If the motion is filed no later than [28] days of the rendition of judgment, the motion falls under Rule 59(e); if it is filed after that time, it falls under Rule 60(b)." *Texas A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 400 (5th Cir. 2003) (alterations omitted) (quoting *Lavespere*, 910 F.2d at 173).[2] "A motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Rosenblatt v. United Way of Greater Houston*, 607 F.3d 413, 419 (5th Cir. 2010) (alterations and internal quotation marks omitted) (quoting *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003)).

III. Analysis

Plaintiff filed his "motion for consideration" within 28 days of the entry of judgment and explicitly invokes Rule 59(e). Mem. in Supp 1. Therefore, Plaintiff's motion will be analyzed under Rule 59(e), which requires him either (1) to present new evidence or (2) to identify an error of law or fact to be corrected. Plaintiff does not present any newly discovered evidence but instead argues that "[t]he judgment contains a clear error or will result in manifest injustice,"

---

[2] "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). A motion under Rule 59(e), however, must be made "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Both the *Texas A&M* and *Lavespere* courts relied on this time distinction for their respective holdings but issued their decisions pursuant to the former Rule 59(e); therefore, they drew the line according to the former time period: 10 days after the entry of judgment. Later, a 2009 amendment expanded the time limit from 10 to 28 days. *See* Fed. R. Civ. P. 59 advisory committee's note ("[T]he former 10-day period[ for post-judgment motions under Rule 59 is] expanded to 28 days."). As a result, while the distinction between Rule 60(b) and Rule 59(e) motions still stands as before, the specific timing of the cut-off period has changed.

specifically that "Plaintiff entered into an employment agreement from September 1, 2007 to August 31, 2008 for an annual salary of $165,000, Plaintiff, however, only received $160,000 of the promised salary. Accordingly, Plaintiff is owed $5,000 from the agreed salary." Mem. in Supp. 2.

As Defendant points out, this issue has already been addressed and resolved:

> The summary judgment evidence that Jain introduced, then, shows him working five six hour days per week–a 75% work week. If the Court applies Jain's own mathematics and assumes that $165,000 is fair remuneration for a full work week, Jain was entitled to a salary of $123,750 and was being overpaid by $41,250 annually.

Op. & Order 12, June 4, 2012. The only possible injustice apparent to the Court is that Plaintiff was compensated for work that he did not perform. Moreover, Plaintiff fails to state with specificity what error of law or fact entitles him to an altered or amended judgment. Absent such a showing, his motion must fail.

IV. Conclusion

For the foregoing reasons, it is hereby

ORDERED that Plaintiff's motion for reconsideration is DENIED.

SIGNED at Houston, Texas, this 20th day of November, 2012.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE